Jonathan A. Stein (JS-4597)
Jonathan A. Stein, P.C.
Attorney for Plaintiff Robert P. Gittler, Sr.
132 Spruce Street
Cedarhurst, New York 11516-1915
(516) 295-0956

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 23 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ROBERT P. GITTLER, SR.,

                                      Plaintiff,

              -against-

FELIX GELMAN,

                                  Defendant.

-------------------------------------------------------------------x

09      4568

**COMPLAINT**

COGAN, J.

      Plaintiff Robert P. Gittler, Sr. ("Gittler"), by his attorney Jonathan A. Stein, P.C., as and for his Complaint against Defendant Felix Gelman ("Gelman") herein, alleges the following, upon information and belief:

## NATURE OF THE ACTION

      1.      This is an action to recover sums given to Defendant by Plaintiff in the principal sum of Three Hundred Sixty-Three Thousand Dollars ($363,000.00), which sum was secured by a Promissory Note (the "Note") dated April 1, 2009, payable on demand, and at an annual rate of six percent (6%).  (A copy of the Note is annexed hereto and incorporated herein as Exhibit "A").

## THE PARTIES

      2.      Plaintiff, Gittler is a natural person, residing at 3 Hillcrest Drive, Elysberg, Pennsylvania 17824.

3.    Defendant, Gelman is a natural person, residing at 3205 Emmons Avenue, Apartment 6D, Brooklyn, New York 11235, County of Kings, City and State of New York.

4.    For some period of time prior to April 1, 2009 Gittler and Gelman knew each other through business associations.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(a) and this Court's jurisdiction is founded only on diversity of citizenship and defendant resides in the Eastern District of New York.

## AS AND FOR A FIRST CLAIM OF RELIEF
(Breach of Contract – Irrevocable Promise to Pay)

7.    On or about April 1, 2009 Defendant, Gelman executed the Note in favor of Plaintiff, Gittler.

8.    The Note was issued to acknowledge that between January 8, 2009 and March 23, 2009, Plaintiff, Gittler wired money, as a loan, to Defendant, Gelman, in the aggregate sum of $363,000.00.

9.    On April 29, 2009, Defendant, Gelman, issued a check for March and April interest in the sum of $3,807.81, utilizing the checking account of an entity which he controlled, called "PMC Professional Mgt & Consulting", however, the check was returned for insufficient funds. (A

2

copy of the bank advice from M&T Bank together with the returned check is annexed hereto and incorporated herein as Exhibit "B").

10.     The Note provides, *inter alia*, that interest will accrue at "an annual rate of six percent (6%) per annum.

11.     The Note further provided that "[i]nterest will be paid monthly.  Balance will be paid on demand."

12.     By letter dated August 31, 2009, sent by e-mail from Plaintiff Gittler to Defendant Gelman, Plaintiff demanded payment of the Note in accordance with its terms, stating:

> Inasmuch as you have failed to pay the interest on the promissory note you signed, dated April 1, 2009, and, inasmuch as the same is a demand note, I hereby demand immediate payment of the $363,000.00 principal balance together with all unpaid and accrued interest.

(A copy of the August 31, 2009 letter is annexed hereto and made a part hereof as Exhibit "C").

13.     Notwithstanding the foregoing demand, no part of the $363,000.00 has been paid by Defendant Gelman, or by any third party on behalf of Defendant Gelman to Plaintiff Gittler.

14.     The Note constitutes an irrevocable and unconditional promise to pay on demand and all of the conditions requiring Defendant Gelman to pay Plaintiff Gittler have been met.

15.     There are no defenses in law or in equity to the Note.

16.     Based upon the foregoing, Plaintiff Gittler is entitled to recover from Defendant Gelman the sum of Three Hundred Sixty-Three Thousand Dollars ($363,000.00) and no cents, with interest from April 1, 2009, and demands judgment therefor.

**WHEREFORE**, Plaintiff Robert P. Gittler, Sr. demands judgment against Defendant Felix Gelman as follows:

      (a)    On the sole cause of action in the complaint, in the sum of Three Hundred Sixty-Three Thousand Dollars ($363,000.00) and no cents;

      (b)    Interest from April 1, 2009 at the rate of six percent (6%) per annum;

      (c)    Interest after entry of judgment at the then statutory rate of interest; and

      (d)    Granting such other and further relief as to this Court may seem just, proper and equitable.

Dated: Cedarhurst, New York
      September 14, 2009

**JONATHAN A. STEIN, P.C.**
Attorney for Plaintiff
Robert P. Gittler, Sr.

By: _____
    **JONATHAN A. STEIN (JS-4597)**
132 Spruce Street
Cedarhurst, New York 11516-1915
(516) 295-0956

# Promissory Note

$363,000.00                                      Elysburg, PA

April 1, 2009

For VALUE RECEIVED, the undersigned promises to pay the principal sum of three hundred sixty three thousand dollars, ($363,000.00), with an annual interest rate of six percent (6%) per annum on the balance per annum from time to time remaining on the unpaid to Robert P. Gittler, Sr., 3 Hillcrest Drive, Elysburg, PA 17824.

Interest will be paid monthly. Balance will be paid on demand.

Felix Gelman
3205 Emmons Avenue
Brooklyn, NY 11235

--------------------------------------------------

Felix Gelman



# M&T Bank

Understanding what's important®

M&T's QuickLine:
Buffalo
Outside Of The Buffalo Area

(716) 626-1900
(800) 724-2440

| | | |
|---|---|---|
| AMOUNT OF CHECK(S) RETURNED | $ | 3,807.81 |
| NUMBER OF ITEMS | # | 1 |
| AMOUNT OF FEES | $ | 10.00 |

ELAINE M GITTLER
ROBERT P GITTLER

3 HILLCREST DR

ELYSBURG PA 17824

DATE    05-05-09

Dear Customer:

Your account, number 3952401275, has been charged for the total value of the following items which were deposited and subsequently returned for the reasons indicated below.  Please note that any service charges incurred are listed above for your reference.  If you have any questions, please contact your relationship manager or call QuickLine at the phone number listed above.

The items on the subsequent pages of this communication are legal copies of check(s) you deposited into your account that were returned to us unpaid.  You may use these legal copies of the check(s) the same way you would use the original check(s).  If you wish to re-negotiate (e.g., re-deposit or cash) these items, please carefully separate them along the perforated lines.

## DETAILED LISTING OF RETURNED DEPOSITED ITEMS

| DEPOSIT DATE | DOLLAR AMOUNT | REASON FOR RETURN | REFERENCE NUMBER | BANK ROUTING | MAKER INFORMATION |
|---|---|---|---|---|---|
| 043009 | $3,807.81 | NSF | 0038000591 | 02100032 | 483001775650 |

260061

VR96EN01

Check 21: Important Information About Substitute Checks

Below is important information about the "Check Clearing for the 21st Century Act", commonly known as "Check 21", a federal law that became effective on October 28 2004...

Substitute Checks and Your Rights as a Consumer
(The following rights do NOT apply to commercial or business accounts)

What is a substitute check?
To make check processing faster, federal law permits banks to replace original checks with "substitute checks." These checks are similar in size to original checks with a slightly reduced image of the front and back of the original check. The front of a substitute check states: "This is a legal copy of your check. You can use it the same way you would use the original check." You may use a substitute check as proof of payment just like the original check.

Some or all of the checks that you receive back from us may be substitute checks. This notice describes rights you have when you receive substitute checks from us. The rights in this notice do not apply to original checks or to electronic debits to your account. However, you have rights under other law with respect to those transactions.

What are my rights regarding substitute checks?
In certain cases, federal law provides a special procedure that allows you to request a refund for losses you suffer if a substitute check is posted to your account (for example, if you think that we withdrew the wrong amount from your account or that we withdrew money from your account more than once for the same check). The losses you may attempt to recover under this procedure may include the amount that was withdrawn from your account and fees that were charged as a result of the withdrawal (for example, bounced check fees).

The amount of your refund under this procedure is limited to the amount of your loss or the amount of the substitute check, whichever is less. You also are entitled to interest on the amount of your refund if your account is an interest-bearing account. If your loss exceeds the amount of the substitute check, you may be able to recover additional amounts under other law.

If you use this procedure, you may receive up to $2,500 of your refund (plus interest if your account earns interest) within 10 business days after we received your claim and the remainder of your refund (plus interest if your account earns interest) not later than 45 calendar days after we received your claim.
We may reverse the refund (including any interest on the refund) if we later are able to demonstrate that the substitute check was correctly posted to your account.

How do I make a claim for a refund?
If you believe that you have suffered a loss relating to a substitute check that you received and that was posted to your account, please contact us by calling 800-724-2440 or by writing us at M&T Bank, P.O. Box 767, Buffalo, NY 14240-0767. If you speak to us about a claim, we may require that you submit it in writing. If you are a M&T Web Banking customer, you may email us securely at https://onlinebanking.mandtbank.com. You must contact us within 40 calendar days of the date that we mailed (or otherwise delivered by a means to which you agreed) the substitute check in question or the account statement showing that the substitute check was posted to your account, whichever is later. We will extend this time period if you were not able to make a timely claim because of extraordinary circumstances.

Your claim must include—
1.      A description of why you have suffered a loss (for example, you think the amount withdrawn was incorrect);
2.      An estimate of the amount of your loss;
3.      An explanation of why the substitute check you received is insufficient to confirm that you suffered a loss; and
4.      A copy of the substitute check and/or the following information to help us identify the substitute check: the check number, the name of the person to whom you wrote the check, and the amount of the check.

If you have questions regarding Check 21, information is available at www.mtb.com/check21. Please call the M&T Telephone Banking Center at 1-800-724-2440 or visit your nearest M&T Branch for further assistance. We appreciate you as a valued customer of M&T Bank, and hope this clarifies any questions you have regarding Check 21.



*052000013*09
05/05/2009
0000065005456 97

This is a LEGAL COPY of your
check. You may use it the same
way you would use the original
check.

RETURN REASON—A
NOT SUFFICIENT FUNDS

Cash Letter 1 of 1
Bundle 1 of 1
Item 1 of 1



PMC PROFESSIONAL MGT & CONSULTING
1801 GRAVESEND NECK RD.
BROOKLYN, NY, 11229-4426

Bank of America
ACH R/T 021000822

1387

4/29/2009

PAY TO THE
ORDER OF   Robert P, Glitler, Sr                    $ **3,807.81

Three Thousand Eight Hundred                         DOLLARS

Robert P Glitler
3 Hillcrest Drive
Elysburg PA 17824-9690

MEMO  March & April  Interest

⑈00⑈387⑈  ⑆021000322⑆  483001775650⑈

⑈00⑈387⑈  ⑆021000322⑆  483001775650⑈      ⑆000038078⑈





↓ Do not endorse or write below this line. ↓

August 31, 2009

Mr. Felix Gelman
PMC Professional Management & Consulting, LLC
1601 Gravesend Neck Road; 2nd Floor
Brooklyn, NY 11229

Dear Mr. Gelman:

Inasmuch as you have failed to pay the interest on the promissory note you signed,
dated April 1, 2009, and, inasmuch as the same is a demand note, I hereby demand
immediate payment of the $363,000.00 principal balance together with all unpaid and
accrued interest.

Respectfully:

Robert P. Gittler, Sr.
3 Hillcrest Drive
Elysburg, PA 17824-9690